UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MARK ORAVETZ,<br><br>      Plaintiff,<br><br>vs.<br><br>BRIAN VOGEL,<br><br>      Defendant. | Case No. 2:25-cv-00146-BLW<br><br>**INITIAL REVIEW ORDER** |

  Pending before the Court are Plaintiff Mark Oravetz's Complaint and in Forma Pauperis Application. Dkts. 2, 1. Title 28 U.S.C. § 1915(e)(2)(B) permits the Court to screen and summarily dismiss non-prisoner pauper complaints or claims that are frivolous or malicious, fail to state a claim upon which relief can be granted, or seek monetary relief from a defendant who is immune from such relief. *See Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam). Under modern pleading standards, Federal Rule of Civil Procedure 8 requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

  Plaintiff is suing attorney Brian Vogel, who lives in California but has a practice in Washington. Plaintiff lives in Washington. Plaintiff asserts that Vogel owes him a refund of an attorney representation retainer. Dkt. 2 at 3. There are several deficiencies in

**INITIAL REVIEW ORDER - 1**

the Complaint that require Plaintiff to reconsider whether to amend his Complaint or not to pursue his claims in this Court.

First, Plaintiff has not shown that this Court has subject matter jurisdiction over this case. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). He asserts that Vogel violated his civil rights under the Fourteenth and Fifteenth Amendments, but no allegations show Vogel is a state actor or that the facts raise a federal question. "As a general matter the protections of the Fourteenth Amendment do not extend to private conduct abridging individual rights." *Nat'l Collegiate Athletic Ass'n v. Tarkanian*, 488 U.S. 179, 191 (1988) (internal citation and punctuation omitted). The Fifteenth Amendment prohibits interference with the right to vote on the basis of race, and is not related to any cause of action here. U.S. Const. amend. XV.

Second, a federal court must satisfy itself that it has authority to exercise personal jurisdiction over the defendant. Federal due process requires that a nonresident defendant have minimum contacts with the forum state such that the exercise of personal jurisdiction does not offend traditional notions of fair play and substantial justice. *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). To avoid dismissal, Plaintiff must make a prima facie showing of jurisdictional facts. *Lake v. Lake*, 817 F.2d 1416, 1420 (9th Cir. 1987). Personal jurisdiction over a nonresident defendant exists if (1) the nonresident defendant has some connection with the forum state; (2) the claim

**INITIAL REVIEW ORDER - 2**

arises out of the defendant's forum-related activities; and (3) the exercise of jurisdiction is reasonable. *See Data Disc, Inc. v. Systems Technology Assoc., Inc*., 557 F.2d 1280, 1287 (9th Cir. 1977). No facts support a conclusion that the Court has personal jurisdiction over the defendant.

Third, venue must also be proper. Legal actions may be brought only in

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

No facts support a conclusion that venue in Idaho is appropriate. Plaintiff will be given leave to provide facts supporting proper venue in Idaho over Washington parties in an amended complaint or to voluntarily dismiss this case.

Fourth, Plaintiff filed a motion to proceed in forma pauperis in this case (Dkt. 1), but a review of his application shows that he does not qualify without further information. In his other cases filed simultaneously with this one, he asserts he has $8,800 cash. Plaintiff pays $750 a month for "moorage and storage unit," and he has no debt. *Id*. He must explain the discrepancies between the different in forma pauperis applications filed within the same time frame as this one or pay the filing fee.

## ORDER

Accordingly, for all of the foregoing reasons, **IT IS ORDERED**:

**INITIAL REVIEW ORDER - 3**

1. Plaintiff's in Forma Pauperis Application (Dkt. 1) is DENIED without prejudice. Plaintiff must pay the filing fee of $405.00 within 21 days after entry of this Order. Failure to do so will result in entry of judgment closing this case without prejudice, without further notice.

1. Plaintiff's Complaint is DISMISSED without prejudice to amending it to state a claim, to show that personal jurisdiction over the defendant is appropriate, and to show that venue is appropriate.

2. Plaintiff must not file a motion to amend his in forma pauperis application without also filing an amended complaint.

3. Failure to file a proper amended complaint correcting the deficiencies identified in this Order will result in closure and entry of judgment in this case for the reasons set forth above, without further notice to Plaintiff.

DATED: August 2, 2025

B. Lynn Winmill
U.S. District Court Judge

**INITIAL REVIEW ORDER - 4**